<u>Not For Publication</u>                                                                                          <u>Closed</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IYAD HASSAN ATTA, | Civil Action No. 05-479 (FSH) |
| Plaintiff, | **OPINION** |
| v. | July 7, 2005 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**Hochberg, District Judge**

Petitioner Iyad Hassan Atta ("Petitioner" or "Atta") filed this *pro se* motion to vacate, set aside, correct, amend, or modify his sentence, pursuant to 28 U.S.C. § 2255. Petitioner raises three claims in support of his motion. First, Petitioner claims he received ineffective assistance of counsel throughout his litigation. Second, Petitioner argues his Sixth Amendment guarantee to a jury trial was violated when his sentence was based on facts that were not found by the jury. Third, Petitioner advances the claim that his Fifth Amendment right to a grand jury indictment was violated when his indictment was constructively amended by uncharged facts

**I.     Factual Background**

On October 25, 2001 Atta[1] was indicted by a federal grand jury for conspiracy to

---

[1] Atta is a now thirty-three year old male, married with two children, who is a resident alien in the United States and is a citizen of Jordan. He has a high school education and his legal address is in Philadelphia, Pa. Atta has been in the United States since 1989. He lived in the North Bergen, NJ area until 2002 when he moved to Philadelphia.

transport stolen money orders contrary to 18 U.S.C. § 2314 and in violation of 18 U.S.C. § 371.[2]

On September 9, 2002, Atta pled guilty to the indictment in a proceeding before the Honorable Faith S. Hochberg in the United States District Court for the District of New Jersey. Atta was sentenced on January 26, 2004 (based on an Offense Level of 11 and Criminal History Level I) to eleven months in prison and placed on supervised release for the three years following his prison term. Atta also was assessed a fine of $5,000. Atta began his sentence on March 2, 2004 at the federal correctional institute at Ft. Dix, New Jersey.

From November 2000 to December 2000 Atta participated in a conspiracy with two individuals, Hesham Alhmaidi and Mohamed Alilayyan, to sell approximately $190,000 worth of stolen Western Union money orders. On December 12, 2000 Atta drove to a location in Secaucus to have discussions regarding the sale of the stolen money orders to another individual. The sale was for 380 stolen money orders, each preprinted in the amount of $500. Atta was responsible for introducing the parties, arranging the times and places of the meetings and possessed a sufficient understanding of the nature and overall scope of the activity. Atta was deemed a "middle [man]" in his presentencing report with a significant degree of participation in the conspiracy but with no ultimate control or authority over the activities.

## II.     Legal Standard

28 U.S.C. § 2255 provides that:

---

[2] In order to violate 18 U.S.C. § 2314, an individual must to transport, transmit or transfer "in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud." The conspiracy component of the offense, 18 U.S.C. § 371, requires an individual to conspire with one or more other individuals to commit the offense and one such individual must commit some act "to effect the object of the conspiracy."

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255; see also Daniels v. United States, 532 U.S. 374, 377 (2001). A federal district court must hold an evidentiary hearing on a Section 2255 only when the Petitioner raises an issue of material fact because the court would need to determine the truth of the allegations. Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). However, the defendant is not entitled to a hearing "if his allegations were contradicted conclusively by the record or if the allegations were patently frivolous." Solis, 252 F.3d at 294. Accordingly, the court must accept Petitioner's allegations as true unless those allegations are "clearly frivolous." United States v. Day, 969 F.2d 39, 42 (3d. Cir. 1992); Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

**III.   Discussion**

**A.   Petitioner's Claim of Ineffective Assistance of Counsel**

Petitioner first claims that he received ineffective assistance of counsel. In order to prevail, a claim of ineffective assistance of counsel, must meet the test laid out in Strickland v. Washington. 466 U.S. 668 (1984). The Strickland test is two pronged and requires Petitioner to first show that his counsel's performance was so deficient that it fell below an "objective standard of reasonableness under prevailing professional norms." Id. at 687-88. Second,

3

Petitioner must demonstrate that the deficient performance prejudiced Petitioner. Id. at 687. In examining whether an attorney's conduct meets the first part of the Strickland test, the court must determine whether, in light of all of the circumstances, "the identified acts or omissions were outside the range of professionally competent assistance." Id. at 690.

With regard to the second part of the test, the Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694; see also United States v. Day, 969 F.2d 39, 41 (3d Cir. 1992). It is not enough for Petitioner to show that the errors had "some conceivable" effect on the outcome. Id. (citing U.S. v. Valenzuela-Bernal, 458 U.S. 858, 866-67 (1982)). Petitioner must show a reasonable likelihood that additional information or specific actions by counsel would have led to a favorable result. See Lewis v. Mazurkiewicx, 915 F.2d 106, 115 (3d Cir. 1990). Moreover, judicial scrutiny of counsel's performance must be highly deferential for it is too easy to second guess counsel's assistance in hindsight. Strickland, 466 U.S. at 690. Petitioner must overcome the presumption that counsel's actions "might be considered sound strategy." Id. at 689-90.

In this case, Petitioner claims that his counsel was ineffective because he failed to either discuss with Petitioner or file an appeal pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner's reliance on Apprendi is misplaced. An Apprendi challenge is only appropriate where the defendant's sentence exceeded the statutory maximum. See United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000), (holding that it was permissible for a district court to alter defendant's sentence where the sentence did not exceed the statutory maximum); see also Apprendi, 530 U.S. at 481 (noting that it is permissible for judges to consider factors not found

4

by the jury or admitted by the defendant when imposing sentences as long as the sentence is within the statutory maximum).  Petitioner's sentence was far less than the statutory maximum[3] and therefore Apprendi is not implicated.

Failure to raise a meritless argument is not grounds for finding ineffective assistance of counsel.  See Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d Cir. 1996) (failure to raise arguments that would be overruled under prevailing law is not ineffective assistance).  Thus, the fact that Petitioner's counsel did not raise a meritless Apprendi argument is not ineffective assistance of counsel.

### B.   Petitioner's Claim That His Right To A Jury Trial Was Violated

Petitioner contends that his sentence was based on "facts that were not found by a jury" and therefore was in violation of his right to a jury trial under the Sixth Amendment based on Blakely v. Washington, 124 S. Ct. 2531 (2004).

In Blakely[4] the Supreme Court held that a judge may only sentence above the maximum sentencing guidelines based upon facts found by the jury or admitted by the defendant.  Id. at 2537; see also Ring v. Arizona, 536 U.S. 584, 602 (2002) (finding that an increase in punishment must be based on facts found by the jury or admitted by defendant).  Petitioner argues that his

---

[3] 18 U.S.C. § 371 provided for a maximum term of imprisonment of five years, Petitioner was sentenced to eleven months.

[4] While Petitioner does not expressly raise a challenge based on United States v. Booker, 125 S. Ct. 738 (2005), the Court finds that any consideration of Booker would be inappropriate. While Booker applied Blakely to the Guidelines, it does not apply to cases on collateral review where the judgment was final before Booker was issued.  Armstrong v. United States, 2005 WL 724121, *4-6 & n. 7 (E.D. Pa. 2005); see also United States v. Baggett, 2005 WL 825799 *17 (D. Neb. 2005) ("every court that has considered the matter has determined that the rationale of ... Booker does not apply retroactively to cases on collateral review").  Atta's case was final almost one year before Booker was decided.

sentence was improperly enhanced based on the loss between $120,000 and $200,000, which he contends was an additional fact found by this Court. However, Petitioner allocuted to the amount of loss in his plea hearing and stipulated to the loss of $120,000 - $200,000 in the plea agreement. Thus, Petitioner admitted to the fact relevant to his sentence enhancement, and Blakely is not implicated.[5]

        **C.**      **Petitioner's Claim That His Right To A Grand Jury Indictment Was Denied**

Petitioner argues that his indictment was constructively amended by the Court in violation of his Fifth Amendment rights because he was sentenced based on facts not charged in the indictment. A grand jury indictment cannot be amended or expanded by either the court or the prosecutor. Stirone v. United States, 361 U.S. 212, 215-16 (1960). However, Petitioner does not demonstrate, or even allege, any specific constructive amendment of the indictment. Instead, Petitioner makes the blanket claim that the Government amended the indictment during the "proffer of uncharged facts during a Rule 11 hearing." Petitioner does not identify any specific uncharged facts leading to an indictment amendment.

Petitioner was indicted for conspiracy to transport stolen money orders contrary to 18 U.S.C. § 2314 and in violation of 18 U.S.C. § 371. All the applicable elements of § 2314 and § 371 were contained in the indictment against Petitioner and were set forth during the plea hearing. The indictment returned by the grand jury was the same indictment, both in form and

---

[5] Petitioner's Brief incorrectly states that Atta was sentenced based on an offense level of 13. Atta was sentenced using the 2001 edition of the Guidelines Manual. The Guidelines provided for a base level offense of 4. The amount of loss (increase of 9 levels) and the level of planning (increase of 2 level) raised the offense level to 15. That number was mitigated by Atta's acceptance of responsibility (decrease of 2 levels) and the judge's determination that Atta was a minor participant in the conspiracy (decrease of 2 levels) culminating in an offense level of 11.

effect, which served as the basis for Petitioner's sentencing following his guilty plea. Accordingly, Petitioner's claim that his indictment was constructively amended is without merit.

### IV. Conclusion

For the foregoing reasons, this Court denies Petitioner's application to vacate, set aside, modify or correct the judgment of conviction and sentence imposed on him, pursuant to 28 U.S.C. § 2255.  An appropriate order will follow.


Dated: July 7, 2005

                                                                         _/s/ Faith S. Hochberg_

                                                                         Honorable Faith S. Hochberg

                                                                         United States District Judge